## Weiner v. Charny

*Roslyn Litman,* for plaintiff.

*Bernard M. Marcus* and *David H. Trushel,* for defendant Charny.

*Patrick Shannon,* for defendant Phychiatric Medical Associates.

WETTICK, *A.J.,* November 18, 1982—In this medical malpractice action, Psychiatric Medical Associates (PMA) has indicated that its insurance carrier may deny coverage under a reservation of rights provision contained in the insurance agreement between PMA and its insurance carrier. Plaintiffs requested PMA to produce copies of this

insurance agreement in order to learn the scope of the policy's reservation of rights provision. PMA responded to this request by identifying the carrier and the dollar amount of liability coverage and by objecting to producing the policy on the ground that it is not relevant. The subject of this opinion and order of court is plaintiffs' motion to compel PMA to produce a copy of this insurance agreement.

Discovery of insurance is governed by Pa.R.C.P. 4003.2 which reads in relevant part as follows:

"A party may obtain discovery of the existence and terms of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to satisfy or reimburse for payments made to satisfy the judgment."

By permitting a party to obtain discovery of the "terms" of the insurance agreement, the literal language of Rule 4003.2 allows plaintiffs to discover the insurance agreement between PMA and its insurer. Moreover, a construction of Rule 4003.2 which allows discovery of the insurance agreement furthers the purpose for this rule.

Its purpose is described in the Explanatory Note–1978 to Rule 4003.2 which states that this rule codifies the decision of the Pennsylvania Supreme Court in Szarmack v. Welch, 456 Pa. 293, 318 A. 2d 707 (1974), permitting discovery of insurance and also is taken almost verbatim from Fed.R.Civ.P. 26(b)(2). Both Szarmack v. Welch and Federal Rule 26(b)(2) support plaintiffs' contention that the entire insurance policy is subject to discovery.

In Szarmack, the Supreme Court required defendant to answer interrogatories which sought the name of defendant's insurance carrier and the

limits of liability for bodily injury because of the importance of this information to plaintiff's counsel in preparing the case and in evaluating offers of settlement. The court specifically rejected defendant's assumption "that settlement is a game whereby the defendant is entitled to critical information not possessed by plaintiff" (318 A. 2d at 710) in favor of a policy that will equalize the knowledge of both parties with the result that settlements will be based more upon a fair evaluation of plaintiff's case and less upon ignorant conjecture concerning the depth of defendant's pocket. This policy of giving plaintiff prior to settlement discussions and trial the opportunity to evaluate the likelihood that a judgment will be paid would be defeated if plaintiff were denied discovery of the contents of any provision within the policy that may serve as a basis for denying coverage.

This result is also consistent with the case law construing Fed.R.Civ.P. 26(b)(2). This rule, which allows discovery of the "existence and contents" of an insurance agreement, is construed to permit discovery of the entire insurance agreement. See Wright and Miller, Federal Practice and Procedure §2010.

Defendant raises three arguments in support of its contention that Rule 4003.2 permits discovery only of the name of the insurance company and the limits of liability. First, defendant contends that since Rule 4003.2 codified Szarmack v. Welch which required disclosure of only the name of the insurance carrier and the limits of liability, this Rule does not permit discovery of additional information concerning insurance. This argument is without merit because of its incorrect characterization of the Szarmack decision. Szarmack required defendant to disclose only the name of the insurance carrier and the limits of liability because

this was the only information which plaintiff sought. For the reasons stated previously, the language and rationale of Szarmack require a broader reading of Rule 4003.2.

Second, defendant contends that the policy is not relevant because a review of its language will not enable plaintiffs to know whether there will ultimately be insurance coverage. This issue can be settled only in another proceeding through a garnishment action by a successful plaintiff or a declaratory judgment action between defendant and the carrier if the carrier ultimately denies coverage. While this is true, knowledge of the reservation of rights provision assists a plaintiff in evaluating the merits of the carrier's assertion that it is protected by a reservation of rights provision and, consequently, will promote the purposes for requiring disclosure of insurance matters described by the Szarmack court.

Finally, defendant contends that we should not look to Fed.R.Civ.P. 26(b) in construing Rule 4002.3. According to defendant, Federal Rule 26(b) is more liberal because it permits discovery of the "contents" of an insurance agreement while our state rule permits discovery of only the "terms" of the agreement. We find no merit to this argument because it would appear that the language is interchangeable. Moreover, Rule 4002.3 is described in the Explanatory Note–1978 as being taken almost verbatim from Fed.R.Civ.P. 26(b)(2).

For these reasons, we enter the following order of court

## ORDER

On this November 18, 1982, it is hereby ordered that defendant Psychiatric Medical Associates shall within ten days produce the insurance policy which plaintiffs seek.