**Marion v. Lukaitis**

C.P. of Lackawanna County, No. 2011 CV 7451

*Suzanne Tighe*, for plaintiffs.
*Neil T. O'Donnell*, for defendant.

MINORA, *J.*, November 12, 2013—Before the court is defendant's Motion to Appeal from Special Trial Master ("STM") Burke's discovery order dated December 31, 2012, pursuant to Lackawanna County R.C.P. 4000.1. The nature of the December 31, 2012 STM order dealt with the need to further answer plaintiffs' first set of interrogatories and also for defendant to file further responses to plaintiffs' motion for production of documents. The appeal of the defendant is denied.

## FACTUAL AND PROCEDURAL HISTORY

This case stems from a motor vehicle accident that occurred on July 30, 2011 at the intersection of Green Ridge Street and Wyoming Avenue in Scranton, Lackawanna County, Pennsylvania. According to the complaint, plaintiff Amanda Marion and her minor children were in a stopped car when Mary Lukaitis ("defendant Lukaitis"), traveling at a high rate of speed and severely under the influence of alcohol, struck the Marion vehicle allegedly injuring the plaintiffs. Defendant subsequently fled the scene, causing havoc and damages elsewhere as well.

Defendant Lukaitis had no automobile liability insurance at the time of the collision. Defendant's lack of financial responsibility compelled plaintiffs to make a claim for uninsured motorist benefits to their insurance carrier, Motorists Mutual Insurance Company ("defendant Motorist Mutual"). Receiving no reasonable settlement offer from defendant Motorists Mutual, plaintiffs were compelled to file their complaint on December 6, 2011, and alleged counts of negligence against defendant Lukaitis, and breach of contract against defendant Motorists Mutual.

Subsequent to the filing of the complaint, plaintiff filed a motion to compel further discovery responses, claiming both insufficient interrogatory responses on the part of defendant Motorist Mutual Insurance pursuant to Pa. R.C.P. 4005, as well as, defendant's insufficient response to request for production of documents. Plaintiff's motion to compel was granted by order of Special Trial Master Burke on December 31, 2012. Defendant thereafter filed its current de novo appeal on January 11, 2013.

In its de novo appeal, defendant argues that plaintiff is not entitled to the relief sought in the motion to compel due to the information requested not being relevant to the subject matter involved in the action pursuant to Pa. R.C.P. 4011. Specifically, defendant argues that those discovery requests seeking disclosure of information relating to the defendant's evaluation and investigation of the claim for UM benefits, the terms of the policy under which claim was made and the claim handling after suit was filed are not relevant. Further, defendant claims that certain discovery requests are barred by the attorney client privilege, the work product protection, or Pa. R.C.P. 4003.3. Specifically, plaintiffs are requesting information such as that regarding the records custodian for the application in effect at the time of the accident, information regarding whether the policy, as originally issued, included a mandatory arbitration provision and premiums paid, and information regarding whether or not the defendant maintains that plaintiff was at fault for the accident and/or otherwise barred from recovery. Finally, regarding plaintiff's requests for production, defendant avers that it has produced all relevant and discoverable log notes in this matter, with appropriate redactions prior to the time the suit was filed. Defendant argues that requiring

it to produce the post suit log notes in this claim for UM benefits would violate the attorney-client privilege, the work product protection, or Pa. R.C.P. 4003.3.

In their answer to the de novo appeal, plaintiffs assert that relevancy is not a basis for privilege, and that the physical damage to the vehicles is a factor considered by the defendant in evaluating this UM claim and is, therefore, reasonably calculated to lead to the discovery of admissible evidence. Further, plaintiffs argue that post-suit is not a privilege, and that plaintiffs are not seeking attorney-client or work product privileged portions of the post-suit log notes.

## DISCUSSION

Lackawanna County R.C.P. 4000.1 provides for a de novo appeal from an order of the discovery master upon motion of a party and payment of appeal cost.

Typically, the Pennsylvania Rules of Civil Procedure permit discovery that is broad and liberal. Rule 4003.1 of the Rules of Civil Procedure provides, "(a) party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending claim." The comment to Pa.R.C.P. 4003.1(a) provides that:

"(a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, content, custody, condition and location of any books,

documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

Here, the plaintiff is requesting information regarding the terms and issuance of the insurance contract, the defendant's investigation and handling of the claim, and production of defendant's records, such as log notes. We first address plaintiff's request for information regarding the insurance policy itself. Rule 4003.2 holds that "A party may obtain discovery of the existence and terms of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part of all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Pa. R. C.P. 4003.2. In *Weiner v. Charny*, 23 Pa. D. & C.3d 367 (Allegheny County 1982), the court noted that the literal language of the rule "a party may obtain discovery of the existence and terms of any insurance agreement" should allow for production of the policy itself, and went on to state that such interpretation furthers the purpose of the rule as outlined in *Szarmack v. Welch*, 318 A.2d 707 (Pa. 1974).[1]

In *Szarmack*, the Court required the defendant to answer interrogatories posed by the plaintiff inquiring about the existence of automobile liability insurance, the name of the carrier, and the limits of liability. The Court reasoned that a plaintiff must have some assurance that there can be a recovery in the event of a favorable verdict to justify the time, effort and expense in the preparation of the case for trial, and also considered such information

---

1. In the Explanatory Note to the Rule it is indicated the rule codifies the decision of the Pennsylvania Supreme Court in *Szarmack v. Welch*, 318 A.2d 707 (Pa. 1974).

valuable in evaluating offers of settlement. The Court saw such discovery as furthering the general purpose of the procedural rules, of securing the just, speedy and inexpensive determination of every action. Similarly, in the present case, plaintiff is seeking information regarding whether the policy, as originally issued, included a mandatory arbitration provision and premiums paid. As such, and in agreement with the finding of Special Trial Master Burke, defendant shall be compelled to provide such policy information.

Next we address plaintiff's requests for information regarding the defendant's investigation and evaluation of the UM claim. Pa. R.C.P. 4003.3 states that "a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for another party or by or for that other party's representative, including his or her attorney, consultant, surety, indemnitor, insurer or agent." Furthermore, the Explanatory Note to the Rule states that "the work product protection of the Rule distinguished between that afforded the attorney and that afforded the party's representative." "The Committee viewed that work product privilege enunciated by the United States Supreme Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), as stating a special rule applicable to lawyers which need not necessarily be the same as that applied to other representatives, particularly insurance investigators." The Comments distinguish between the notes and memoranda of an attorney, which are protected, and the same notes or memoranda made by an insurance investigator, which would not be protected. In the present case, the plaintiff is seeking information regarding the records custodian for the insurance application, as well as, information relating

to the defendant's evaluation and investigation of the claim for UM benefits. Such information is discoverable by plaintiffs because it pertains to information stemming from the insurance investigators, not the defendant's legal counsel, and therefore does not fall under the work product privilege.

Finally, defendant objects to plaintiffs requests for production of certain documents, specifically, post-suit log notes. Defendant claims that it has produced the log notes with appropriate redactions prior to the time suit was filed. However, it refuses to produce post-suit log notes in this claim arguing that doing so would be a violation of attorney-client privilege. Pa. R.C.P. 4003.3 guards against discovery "of the mental impressions of a party's attorney or his or her conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." But in this case, plaintiff has withdrawn its request for productions of documents requesting the defendant's impressions on the merits of the UM claim, as such discovery would violate Rule 4003.3. Instead, plaintiff is merely seeking information regarding the methods defendant uses in arriving at its valuation, as well as information on which individuals are charged with employing those methods. Rule 4003.1 states that "It is not ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa. R.C.P. 4003.1(b). The present case is a breach of contract action, therefore, production requests regarding how defendant evaluates a claim, and thereby fulfills its obligations under the contract in question, are relevant as they are reasonably calculated to lead to the discovery of admissible evidence. Furthermore, as the Superior Court

16

concluded in *Hollock v, Erie Ins. Exchange*, 842 A.2d 409, 414-416 (Pa. Super. 2004), a determination of bad faith by an automobile insurer can be based on the conduct of the insurer and its employee-witnesses during trial of the bad-faith claim. Therefore, the fact that the log notes are "post-suit" is irrelevant regarding admissibility. Plaintiff's requests for production comply with the requirements of the Pennsylvania Rules of Civil Procedure, therefore, defendant's de novo appeal is denied.

An appropriate order follows.

## ORDER

And now, this 12th day of November, 2013 following hearings and in consideration of the party's briefs, defendant, Motorist Mutual Insurance Company's de novo appeal of Discovery Master Burke's December 31, 2012 order is denied.